IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA IN AND FOR POLK COUNTY
CIVIL DIVISION

DANNIE GOODMAN,

    Plaintiff,

vs.

CASE NO.: 53-2013 CA-004509

DIVISION: 11

JASON L. HARRISON,
CHERYL A. HARRISON, and
SAFECO INSURANCE COMPANY OF ILLINOIS

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, the Plaintiff, DANNIE GOODMAN, by and through his undersigned counsel, and sues the Defendants, JASON L. HARRISON, CHERYL A. HARRISON and SAFECO INSURANCE COMPANY OF ILLINOIS (hereinafter, "SAFECO"), and shows unto this Honorable Court as follows:

1. This is an action for a declaratory judgment to determine the rights and responsibilities of the parties under the policy at issue issued by the Defendant, SAFECO.

2. Defendant, SAFECO, is an insurance company authorized to do business in Polk County, Florida, and maintains offices in Polk County, Florida, where it regularly conducts business.

3. At all times material hereto, the Defendant, CHERYL A. HARRISON had in full force and effect an automobile insurance policy with Defendant, SAFECO, that included bodily injury motorist coverage in the amount of one hundred thousand dollars ($100,000.00) per person, SAFECO Policy Number F1830303, a copy of which is attached hereto. (See Plaintiff's Exhibit A)

4. At all times material hereto, Defendant, CHERYL A. HARRISON, was covered by the aforementioned insurance policy issued by the Defendant, SAFECO, which included uninsured and underinsured motorist coverage in the amount of one hundred thousand dollars ($100,000.00) per person.

5. At all times material hereto, Defendant, JASON L. HARRISON, was covered by the aforementioned insurance policy issued by the Defendant, SAFECO, which included uninsured and underinsured motorist coverage in the amount of one hundred thousand dollars ($100,000.00) per person.

6. That on August 16, 2012, Plaintiff, DANNIE GOODMAN, was an operator of a 1997 General Motors vehicle, and was operating said vehicle on U.S. Hwy-98 N in Lakeland, Polk County, Florida.

7. That at the aforesaid time and place, the Defendant, JASON L. HARRISON, was the operator of a 2008 Chevrolet Tahoe owned by the Defendant, CHERYL A. HARRISON and was operating said motor vehicle on U.S. Hwy-98 N in Lakeland, Polk County, Florida.

8. That at the aforesaid time the Defendant, JASON L. HARRISON, was operating the 2008 Chevrolet Tahoe with the permission of the Defendant, CHERYL A. HARRISON, on U.S. Hwy-98 N in Lakeland, Polk County, Florida.

9. At that time and place, the Defendant, JASON L. HARRISON, negligently operated or maintained the motor vehicle so that it collided with the vehicle that was being occupied by the Plaintiff.

10. As a result, the Plaintiff, DANNIE GOODMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

11. The Plaintiff presented an offer by letter dated January 25, 2013, to settle all bodily injury claims to Defendant, SAFECO, if they tendered the policy limits within 30 days.

12. The Defendant, SAFECO, accepted and agreed to tender the one hundred thousand dollar ($100,000.00) bodily injury policy limits in a letter dated February 21, 2013. (See Plaintiff's Exhibit B)

13. The check which accompanied the Defendant, SAFECO's, letter dated February 21, 2013 stated, "FULL and FINAL SETTLEMENT". (See Plaintiff's Exhibit C)

14. On May 22, 2013 Defendant, SAFECO, issued a stop payment on the settlement check and asked for the bodily injury check be returned to their office. (See Plaintiff's Exhibit D)

15. The Plaintiff and the Defendants entered into an enforceable agreement, including the aforementioned offer, acceptance, and consideration in the form of an agreement to settle the claim in return for the bodily injury policy limits.

16. The Defendants are now improperly attempting to breach the agreement by stopping payment of the one hundred thousand dollar ($100,000.00) check.

17. The Plaintiff has satisfied all conditions precedent before the bringing of this action.

WHEREFORE, the Plaintiff, DANNIE GOODMAN, respectfully requests judgment declaring its rights under the insurance policy, and for any further relief this Court deems appropriate.

Dated this 31 day of August, 2013.

PATRICK BRANNON, ESQUIRE
AGGRESSIVE LAW GROUP
Post Office Box
Tampa, Florida 33601
(813) 223-6200
(813) 223-6900 fax
Florida Bar#: __745081__
Attorney for Plaintiff