UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNIE GOODMAN,

    Plaintiff,

v.                                                     Case No. 8:13-cv-2641-T-30EAJ

JASON L. HARRISON,
CHERYL A. HARRISON, and
SAFECO INSURANCE COMPANY
OF ILLINOIS

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Safeco Insurance Company's Motions to Dismiss (Dkt. #9) and Realign Parties (Dkt. #7) and Plaintiff Dannie Goodman's Motion in Opposition to Defendant Safeco's Motion to Dismiss (Dkt. #16). Upon review, the Court concludes the Defendant's Motion to Dismiss the Plaintiff's claim for declaratory relief should be denied, the Motion to Realign Parties should be granted, and the Motion to Dismiss the Harrisons as being fraudulently joined is now moot.

**Background**

Plaintiff's Complaint alleges that the Defendant, Jason L. Harrison, negligently operated a motor vehicle causing it to collide with the vehicle occupied by the Plaintiff. The Plaintiff suffered injuries as a result. The owner of the vehicle, Defendant Cheryl A. Harrison, maintained insurance on the vehicle through Safeco which covered both Cheryl

and Jason Harrison. The Plaintiff presented a settlement offer to Defendant Safeco offering to settle all claims if Safeco tendered the policy limit within 30 days. Safeco purportedly tendered a check to settle the dispute and later stopped payment. The Complaint asks the Court to declare the existence of a valid contract between Safeco and Goodman to settle all claims.

Defendants Jason and Cheryl Harrison filed a crossclaim against Safeco arguing that Safeco breached the terms of the policy and asking the Court for declaratory relief. Safeco defends itself stating that it rescinded the insurance policy because the Harrison's made material misrepresentations relating to both the accident and obtaining the insurance policy.

**Dismissal of Declaratory Judgment Action**

Safeco claims that the Plaintiff's request for declaratory relief is improper. The Court construes the Plaintiff's complaint as seeking a declaration of a valid and enforceable contract between the Plaintiff and Defendant Safeco to settle all claims against Safeco and the Harrisons, its insured. A contract under Florida law requires an offer, acceptance, and consideration. *SCG Harbourwood, LLC v. Hanyan*, 93 So. 3d 1197, 1200 (Fla. 2d DCA 2012). The Plaintiff has alleged that he made an offer to settle the claim with Safeco for the policy limit and Safeco accepted the offer and tendered a check in an exchange for a release of all claims.

The Court concludes that the Plaintiff has properly pled facts to support its request for declaratory relief. Therefore, Defendant Safeco's Motion to Dismiss the Plaintiff's Complaint is denied.

**Realignment of Parties**

Defendant Safeco asks this Court to realign the parties making the Harrisons additional plaintiffs. Safeco argues the Harrisons' interest and principal purpose coincides with that of Plaintiff Goodman. Goodman and the Harrisons both seek the Court to declare the existence of a valid insurance policy and a valid settlement contract. Safeco opposes both parties and seeks a denial of coverage and a declaration that the settlement agreement is not enforceable.

Federal courts must look beyond the pleadings and arrange parties according to their sides in the dispute. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012). This duty exists "even where the parties' interests were in opposition outside of the issues raised in the subject action." *Id.* at 1314. Where party designations have jurisdictional consequences, as they do in this case, the court must align the parties before determining jurisdiction. *Id.*

The Court concludes that Defendant Safeco's motion to realign the Harrisons as additional plaintiffs should be granted.

**Fraudulent Joinder**

Safeco argues that Goodman fraudulently joined the Harrisons to defeat diversity jurisdiction while having no claim against them. Safeco has filed a crossclaim against Defendant Safeco and the Court has now decided to realign the Harrison Defendants as plaintiffs. Therefore, this Motion to Dismiss the Harrisons as being fraudulently joined is now moot.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Safeco's Motion to Dismiss Claim for Declaratory Relief (Dkt. #9) is DENIED.

2. Defendant Safeco's motion to realign Jason and Cheryl Harrison as plaintiffs (Dkt. #7) is GRANTED. The Clerk of Court is directed to realign Jason and Cheryl Harrison to reflect their party status as plaintiffs.

3. Defendant Safeco's Motion to Dismiss Defendants Jason and Cheryl Harrison for being fraudulently joined (Dkt. #9) is moot.

DONE AND ORDERED in Tampa, Florida, on this 21st day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2641 mtd 9.docx