UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANNIE GOODMAN, et al.**

    **Plaintiffs,**

v.                                                                Case No.  8:13-cv-2641-T-30EAJ

**SAFECO INSURANCE COMPANY
OF ILLINOIS,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Safeco Insurance Company of Illinois' Motion for Summary Judgment against Plaintiff Dannie Goodman (Dkt. 24), Plaintiff Dannie Goodman's response in opposition (Dkt. 25), which Plaintiffs Cheryl Harrison and Jason Harrison have adopted (Dkt. 29), and Defendant's reply, filed with leave of court (Dkt. 30).  The Court, having reviewed the motion, responses, reply, and record, and being otherwise advised of the premises, concludes that the motion should be granted.

### *Background*

Defendant Safeco Insurance Company of Illinois ("Safeco") provided automobile insurance coverage to Plaintiff Cheryl Harrison.  The coverage included a bodily injury liability limit of $100,000.00 for each person and $300,000.00 for each occurrence.  On December 8, 2012, Cheryl Harrison gave Plaintiff Jason Harrison permission to drive a

vehicle listed on the policy. Jason Harrison was involved in an accident with Plaintiff Dannie Goodman.

By letter dated January 25, 2013, Goodman's counsel requested $200,000.00 from Safeco to settle Goodman's bodily injury and property damage claims arising from the accident. By letter dated February 21, 2013, Safeco offered to tender the bodily injury policy limit of $100,000.00 in exchange for a full and final release. Safeco enclosed a draft release form and indicated that the check would be sent under separate cover. Between February 27, 2013 and April 23, 2013, Safeco and Goodman continued to negotiate settlement of Goodman's property damage claim—with Goodman seeking $7,370.00—but they did not come to an agreement.

On April 24, 2013, Goodman filed a Civil Remedy Notice of Insurer Violations, pursuant to Fla. Stat. § 624.155, alleging that Safeco was not attempting to settle in good faith, was failing to promptly acknowledge and act on claims communications, and was denying claims without conducting reasonable investigations. In the notice, Goodman stated that Safeco's alleged violations could be cured by tendering payment of $107,370.00.

By letter dated May 22, 2013, Safeco stated that it had discovered that coverage may not be available for the accident. As a result, Safeco withdrew the $100,000.00 settlement offer, issued a stop payment order on the check, and requested return of the check. By letter dated May 29, 2013, Goodman returned the check.

On August 21, 2013, Goodman filed an action in state court against Safeco and the Harrisons, alleging that the parties had entered into an enforceable settlement agreement and

that the Defendants were improperly attempting to breach the agreement by stopping payment on the $100,000.00 check. The Harrisons subsequently filed crossclaims against Safeco for breach of contract and declaratory judgment as to their coverage under the policy.

On October 11, 2013, Safeco removed the action to federal court. On October 18, 2013, Safeco filed a motion to realign the Harrisons as party-plaintiffs, which this Court granted. Safeco then filed the instant motion for summary judgment against Goodman, arguing that it could not have breached a settlement agreement with Goodman because the parties never entered into an enforceable contract.

*Standard*

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *See id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *See Anderson*, 477 U.S. at 248–49.

### *Discussion*

The parties agree that Florida law governs Goodman's declaratory judgment claim. In Florida, settlement agreements are construed in accordance with contract law principles. *Nichols v. Hartford Ins. Co. of the Midwest*, 834 So. 2d 217, 219 (Fla. 1st DCA 2002).  An enforceable contract requires "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *W. Constr., Inc. v. Fla. Blacktop, Inc.*, 88 So.3d 301, 304 (Fla. 4th DCA 2012).  An acceptance must be "(1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Nichols*, 834 So. 2d at 219.

The parties agree that the relevant offer in this case was Safeco's February 21, 2013 counteroffer to settle for $100,000.00.  In response to the motion for summary judgment, Goodman argues that the April 24, 2013 Civil Remedy Notice of Insurer Violations constituted an acceptance of that offer, yielding an enforceable settlement agreement.  In particular, Goodman maintains that the request for $107,370.00 in the notice operated as both

an acceptance of Safeco's offer to settle the bodily injury claim for $100,000.00 and a reiteration of Goodman's offer to settle the property damage claim for $7,370.00.

Under Florida law, the notice was not sufficient to manifest mutual assent because the terms of the notice were not "identical with the terms of the offer." *Nichols*, 834 So. 2d at 219. As an initial matter, the proposed settlement amount in the notice ($107,370.00) did not align with the proposed settlement amount in the offer ($100,000.00). Further, even assuming that the $107,370.00 amount was divisible as Goodman now maintains,[1] this figure was presented as a "cure" for Safeco's own violations of Florida law, rather than as a settlement of Goodman's injury claims against the Harrisons. (Dkt. 25-10 at 2). Moreover, the notice did not mention or otherwise incorporate Goodman's execution of a full and final release, which was an express term in Safeco's February 21, 2013 offer.

In response to the motion for summary judgment, Goodman does not advance any other ground supporting a finding that Goodman accepted the February 21, 2013 settlement offer, or that an enforceable settlement agreement was otherwise created. Because Goodman failed to accept the February 21, 2013 counteroffer, Safeco properly retracted the offer on

---

[1] Contrary to Goodman's assumption that the February 21, 2013 offer applied only to the bodily injury claim, a reading of the draft release submitted with the offer suggests that it covered both the bodily injury *and* property damage claims. The release broadly applied to "any and all claims and demands, rights, damages, causes of action, to include causes of action for bodily injury and/or wrongful death, costs, losses or expenses . . . arising out of [the accident]." Although the release specifically excluded numerous avenues of recovery, it did not exclude property damages, and it reiterated the full release language as follows: "I hereby release *all* claims against RELEASEES" (Dkt. 24-1 at 8-9 (emphasis added)).

The scope of the February 21, 2013 offer, while unclear, does not create an issue of material fact because Goodman never accepted the offer—under either interpretation of its terms. The lack of clarity does, however, further demonstrate the absence of mutual assent.

May 22, 2013, and no contract was formed. *Bullock v. Harwick*, 30 So. 2d 539, 542 (Fla. 1947). Accordingly, summary judgment is due to be granted on Goodman's complaint for declaratory relief, which this Court previously construed as seeking a declaration of a valid and enforceable settlement agreement between Goodman and Safeco (Dkt 17).

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment against Plaintiff Dannie Goodman (Dkt. 24) is granted. The claims by Plaintiffs Cheryl and Jason Harrison remain at issue.

**DONE** and **ORDERED** in Tampa, Florida on August 13, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

KM:sa