**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DANNIE GOODMAN, JASON L.
HARRISON and CHERYL A.
HARRISON,

    Plaintiffs,

v.                                      Case No: 8:13-cv-2641-T-30EAJ

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Safeco Insurance Company of Illinois' Motion for Summary Judgment against Jason L. Harrison and Cheryl A. Harrison, and Incorporated Memorandum of Law (Dkt. #34) and Plaintiffs Jason L. Harrison and Cheryl A. Harrison's Response in Opposition to the Motion (Dkt. #35). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

Safeco issued an automobile insurance policy to Plaintiff Cheryl A. Harrison insuring a 2012 GMC Sierra. The policy provides $100,000 per person and $300,000 per accident for injuries arising from the accident. On December 8, 2012, Jason L. Harrison was involved in a motor vehicle collision when the Sierra hit Dannie Goodman's vehicle. On December 10, 2012, Cheryl A. Harrison made a claim and told Safeco's representative

that she was driving the Sierra at the time of the accident. She further stated that the accident was due to a "hit and run" and the other vehicle never stopped. Safeco initiated an investigation.

On February 7, 2013, Jason L. Harrison also told Safeco's representative that Cheryl A. Harrison was driving the vehicle at the time of the accident and that another vehicle hit the Sierra and left the scene of the accident. He then asked a hypothetical question as to whether the insurance would cover the damage if someone who was not listed on the policy was driving at the time of the accident. Safeco's representative confirmed that coverage would be available under those circumstances. Jason L. Harrison then admitted that he lied, and that an unknown woman was actually driving the vehicle at the time of the accident. Later that day, Cheryl A. Harrison also admitted to her false statement, and stated that she lied to Safeco to ensure coverage. Both Cheryl and Jason Harrison admitted under oath that they made false statements regarding the cause of the accident and the identity of the driver at the time of the accident. Jason L. Harrison has not named the unidentified driver. Ultimately, Safeco was able to determine that the accident occurred when the driver of the Sierra collided with the rear end of Dannie Goodman's vehicle.

On June 27, 2013, Safeco voided the policy and denied coverage back to May 16, 2012, due to the Harrisons' misrepresentations regarding the cause of the accident and the identity of the driver. Safeco considers the Harrisons' false statements to be a material misrepresentation in the presentation or settlement of a claim as defined in the policy. The policy's fraud provision states the following:

>We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.
>
>We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

*Discussion*

**I.   Legal Standard**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id*. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *See id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions,

3

answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *See Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *See Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

This Court sits in diversity jurisdiction and the case requires consideration of state law contract claims; therefore the law of the forum state applies. *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005). Under Florida law, insurance policies are interpreted according to the law of the place the insurer issued the policy. *State Farm Mut. Auto Ins. Co. v. Roach*, 945 So. 2d 1160, 1161 (Fla. 2006). The parties do not dispute that Safeco issued the policies in Florida, therefore Florida law applies.

## II. Safeco's Motion for Summary Judgment

Safeco argues that it is entitled to summary judgment based on its affirmative defense of fraud. It argues that the Harrisons' misrepresentations are material as a matter

of law. Therefore, the fraud provision permits Safeco to void the entire policy. The Harrisons argue that although it is undisputed that they made misrepresentations, Safeco is not entitled to judgment as a matter of law because the materiality of the misrepresentation is an issue for the jury. Further, they argue that Safeco must demonstrate prejudice or detrimental reliance to succeed on its claim, and it has failed to do so.

Under Florida law, insurance provisions which void coverage if the insured makes an intentional misrepresentation after loss are valid and enforceable. *Paulucci v. Liberty Mut. Fire Ins. Co.*, 190 F. Supp. 2d 1312, 1328 (M.D. Fla. 2002) (citing *Wong Ken v. State Farm Fire & Cas. Co.*, 685 So. 2d 1002 (Fla. 3d DCA 1997)). *See also Lopes v. Allstate Indem. Co.,* 873 So. 2d 344, 346 (Fla. 3d DCA 2004). Safeco must establish that "the conduct complained of was done and was a wilful, purposeful misrepresentation of facts having substantial materiality under circumstances to which the law would attribute the intention to defraud, that is, cheat, deceive and cause the insurer to do other than that which would have been done had the truth been told." *Chaachou v. American Central Ins. Co.*, 241 F.2d 889, 890-92 (5th Cir. 1957) (applying Florida law).[1]

Under these facts, it is undisputed that the Harrisons made intentional misrepresentations regarding the cause of accident and the identity of the driver at the time of the accident to ensure that coverage would be available.  However, under Florida law, the question of whether an insured made misrepresentations that are *material* is a question

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

for the jury to determine. *Lopes v. Allstate Indem. Co*., 873 So. 2d at 347; *Haiman v. Federal Ins. Co.,* 798 So. 2d 811 (Fla. 4th DCA 2001) (in reversing summary judgment in favor of insurer, the court held that where insured initially misrepresented facts and corrected his statement soon thereafter, whether the initial statement constituted material misrepresentation was a matter for the trier of fact).

Further, "under Florida law, if there is a willful false statement of a material fact, there is no requirement that an insurer show prejudicial reliance in order to enforce the contract provision." *Id.* at 346; *see also Chaachou,* 241 F.2d at 892 ("if the law …were to require that the insurer demonstrate that it had been misled to its prejudice by the fraud, the policy provision would both be virtually worthless and put a premium on dishonest dealings by the assured."); *Michigan Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915 (11th Cir. 1998) (applying Florida law) (insurer was not required to demonstrate that it relied on the insured's misrepresentations when asserting a policy defense based on fraud; the insured perpetrating a material fraud in pursuing an insurance claim was sufficient).

Therefore, if the jury finds that the Harrisons' misrepresentations regarding the nature of the accident and the identity of the driver at the time of the accident regard facts or circumstances that are material, then Safeco may void the policy. *Chaachou*, 241 F.2d at 890-92 (affirming jury verdict in favor of insurer when the court instructed the jury to return a verdict for the insurer if they found that the assured had wilfully made intentional false statements of material facts without requiring proof or finding of prejudicial reliance). If the jury does not make such a finding, then Safeco must demonstrate prejudice to void the policy. *See State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So. 3d 1071 (Fla. 2014)

("…if the insured's breach did indeed prejudice the insurer, it may assert a breach of the policy as a complete defense to coverage under the policy upon proof of the prejudice.").

It is therefore ORDERED AND ADJUDGED that Defendant Safeco Insurance Company of Illinois' Motion for Summary Judgment against Jason L. Harrison and Cheryl A. Harrison, and Incorporated Memorandum of Law (Dkt. #34) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2641 msj 34.docx