UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNIE GOODMAN, JASON L.
HARRISON and CHERYL A.
HARRISON,

    Plaintiffs,

v.                                                 Case No: 8:13-cv-2641-T-30EAJ

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.

## ORDER

This case came before the Court on January 5, 2014, for a jury trial. After presentation of the Plaintiff's case in chief, Defendant made an oral Motion for Directed Verdict (Dkt. #63). After presentation of the Defendant's case in chief, Defendant renewed its Motion for Directed Verdict (Dkt. #74). The Court reserved ruling on both Motions.

This case involved the Harrisons' intentional misrepresentations to Safeco Insurance Company of Illinois ("Safeco") at the time of the application for insurance and during the presentation and investigation of a claim on the insurance policy. The Court held a jury trial to determine whether the misrepresentations were material. The jury found that the misrepresentations were not material in spite of conflicting testimony.

At trial, the Harrisons offered testimony that differed, and at times directly contradicted, their sworn statements made during their Examinations Under Oath. The

Harrisons were not represented by an attorney when they gave the Examinations Under Oath. Where there is conflict in the testimony, it is for the jurors to decide the testimony which they choose to believe. *See Evans v. State,* 603 So. 2d 15, 17 n. 4 (Fla. 5th DCA 1992) (citing *Roach v. CSX Transportation, Incorporated,* 598 So. 2d 246 (Fla. 1st DCA 1992)) ("If a witness's testimony is impeached with inconsistencies on material issues, as opposed to collateral matters, and thereby the witness's veracity and credibility are placed in question, the trier of fact is entitled to judge the witness's credibility in its entirety and accept or reject the witness's testimony on those and other issues as well.") Therefore, the jury is entitled to believe the Harrisons' testimony, even if it directly contradicts a prior sworn statement, given before the parties retained an attorney.

The jury found that the Harrisons' misrepresentations in both procuring the insurance policy and presenting the claim were not material. Therefore, the Court must deny the Motions for Directed Verdict. *See Duclos v. Richardson*, 113 So. 3d 1001, 1004 (Fla. 1st DCA 2013), *reh'g denied* (June 3, 2013) ("the trial court may not weigh the evidence or assess a witness's credibility and must deny a directed verdict if the evidence is conflicting or if different conclusions and inferences can be drawn from it.") (Internal quotations marks omitted). In the absence of proof by Safeco that it was prejudiced or that it relied to its detriment on the misrepresentations, the Court must enter judgment in favor of the Harrisons.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motions for Directed Verdict (Dkt. #63, 74) are DENIED.

2. The Court grants judgment in favor of the Plaintiffs Cheryl A. Harrison and Jason L. Harrison.

3. The Court declares that the Safeco Insurance Company of Illinois' automobile insurance policy covering the 2012 GMC Sierra, Policy Number F1830909, to be in full force and effect and that it shall provide coverage to the Plaintiffs Cheryl A. Harrison and Jason L. Harrison for the December 8, 2012 accident under the terms of the policy.

4. The Clerk of Court is directed to enter judgment in favor of Cheryl A. Harrison and Jason L. Harrison and against Safeco Insurance Company of Illinois.

5. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

6. The Court will reserve jurisdiction to entertain motions for attorney's fees and costs.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2641 trial judgment.docx