**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANNIE GOODMAN, JASON L.
HARRISON and CHERYL A.
HARRISON,

      Plaintiffs,

v.                                                                    Case No: 8:13-cv-2641-T-30EAJ

SAFECO INSURANCE COMPANY
OF ILLINOIS,

      Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court upon the Defendant's Renewed Motion for

Judgment as a Matter of Law, or in the Alternative, New Trial and Memorandum of Law

(Dkt. #94), Plaintiffs' Response in Opposition (Dkt. #100), and Defendant's Motion for

Leave to File Reply (Dkt. #101). Upon review and consideration, it is the Court's

conclusion that the Defendant is entitled to a new trial.

*Background*

Defendant, Safeco Insurance Company of Illinois ("Safeco") moves this Court for

judgment in its favor, notwithstanding the jury verdict, or in the alternative, requests a new

trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. This case involves the

Harrisons' intentional misrepresentations to Safeco at the time of the application for

insurance and during the presentation and investigation of a claim on an automobile

insurance policy. Safeco moved for summary judgment requesting that the Court find, as a matter of law, that the Harrisons' misrepresentations regarding the facts surrounding the December 8, 2012, accident were material. This ruling would permit it to void the insurance policy under its fraud provision. No party moved for summary judgment regarding the Harrisons' misrepresentations at the time of the application.

The Court entered an order denying summary judgment and stating that the materiality of the Harrisons' misrepresentations during the presentation and investigation of the claim presented a jury issue. *See* Dkt. #36.   The Court held a jury trial and the jury found in favor of the Harrisons. Safeco moved for directed verdict, which the Court denied. *See* Dkt. #77.

## *Discussion*

### I.    **Legal Standard**

The Eleventh Circuit has a well-established standard governing motions for judgment as a matter of law:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). *See also Tolbert v. Jefferson County Com'n*, 318 Fed. App'x. 747, 749 (11th Cir. 2008) ("In reaching its verdict, the jury was free to weigh the evidence and make credibility determinations.").

Safeco argues that the Court should direct the verdict in its favor because the undisputed evidence establishes that the Harrisons' made material misrepresentations during the application for insurance and the presentation and investigation of the insurance claim.

## II.    Misrepresentations in the Insurance Application

Section 627.409(1), Florida Statutes authorizes an insurer to deny coverage and rescind an insurance policy based upon a misrepresentation or incorrect statement in an insurance application if:

> (a) The misrepresentation ... or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

[or]

> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Safeco contends that Ms. Harrison misrepresented the identity of the primary driver of the GMC Sierra truck (the "Sierra") during the application process which was material information at the time she made the statement. Safeco's representative testified that if it

3

knew Mr. Harrison would be the primary driver of the Sierra, it would not have issued the policy, or alternatively, would have charged a substantially higher premium.

At the inception of the policy in May 2012, Ms. Harrison told Safeco that she was the primary driver of the Sierra.   However, after the accident, at her Examination under Oath ("EOU") on March 22, 2013, Ms. Harrison stated that the Sierra was "basically" that of her twenty-six year old son, Mr. Harrison. He made payments on the Sierra and he drove it "99.9 percent of the time." During his EUO, Mr. Harrison corroborated Ms. Harrison's testimony when he stated that the vehicle was his, he was the primary driver, and that Ms. Harrison did not drive the vehicle. Safeco argues that it justifiably relied on the Harrisons' statements in their EUOs, which directly contradicted Ms. Harrison's May 2012 statement, when it rescinded the policy. Therefore, Safeco argues, the jury should consider only the statements made in the EUO, and not the testimony the Harrisons gave at deposition or at trial after they consulted with their lawyer.

The Harrisons argue that Safeco has not established a material misrepresentation during the application or negotiation process. Ms. Harrison only completed an application for insurance one time, in 2003.   To the extent that Safeco relies on the May 2012 phone conversation as the "application or negotiation," she argues that it was not, since the phone call was to switch the vehicle covered from a Toyota Tundra to the Sierra. Nonetheless, Ms. Harrison says she clarified her EOU testimony at her deposition and at trial offering evidence that her statement, that she was the primary driver, was true when she made it.

The Court concludes that the Motion should be denied as to this issue, since the jury heard testimony which would allow it to find that Ms. Harrison's statement that she was

the primary driver in May 2012 was truthful at the time she made it. Ms. Harrison testified at trial that Mr. Harrison was not using the Sierra in May 2012 when she made the statement; he had his own vehicle (a motorcycle), and did not reside with her. She purchased the vehicle, titled it in her name, made payments on it, and initially garaged it at her home. She admits that Mr. Harrison made some payments on it, and used it for a period of time, including at the time of the accident. The Harrisons clarified their testimony that Mr. Harrison used the Sierra "99.9 percent of the time," by stating that they were referring to a specific time period spanning only a few of months, in the Fall of 2012. At that time, Mr. Harrison recently terminated his relationship with his girlfriend and moved out of their shared home in search of a new residence.   He was using the Sierra on a temporary basis during this transition period.

The EOU testimony is not dispositive on this issue. To the extent that the questions asked at the EOU implied that the Sierra was garaged at Mr. Harrison's residence and that he was the primary driver in May 2012, the questions eliciting those responses may have been confusing or ambiguous. As pointed out by the Harrisons' counsel at Ms. Harrison's deposition, the questions regarding the vehicles during the EOU discussed the use of both the Tundra and the Sierra interchangeably. Further, the questions in the EOU regarding Mr. Harrison's usage did not specify a specific time frame. Even Safeco's underwriter testified that the Harrisons' EOU testimony only *implied* that the Sierra was garaged at Mr. Harrison's home and that he was the primary driver in May 2012.

Although the Harrisons' deposition and trial testimony appears contradictory and self-serving, and may very well be, the jury is the trier of fact and determines credibility.

It may weigh evidence, draw reasonable inferences, and choose which version of the testimony it believes is truthful or untruthful. *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986) ("Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.")

### III.    Misrepresentations in the Presentation and Investigation of the Claim

Safeco makes many of the same arguments regarding this issue that it made at summary judgment and relies primarily on the same case law. The Court will not revisit those arguments. However, the Court acknowledges that "[w]hen the facts necessary to determine materiality are not in dispute, it is appropriate for the court to determine materiality as a matter of law." *Zurich Am. Ins. Co. v. Diamond Title of Sarasota, Inc.*, 8:10-CV-383-T-30AEP, 2013 WL 6283684, at *4 (M.D. Fla. Dec. 4, 2013) (Moody, J.). *See also Fernandez v. Bankers Nat. Life Ins. Co.*, 906 F.2d 559, 566 (11th Cir. 1990) ("when the facts necessary to determine materiality are not in dispute, the trial judge appropriately may decide the question of materiality as a matter of law"). The issue in this

case is distinguishable from those cases, and many other cases within the Eleventh Circuit[1]

which involve misrepresentations made during the application for insurance.[2]

Additionally, the facts were disputed as to who was driving the vehicle at the time

of the accident. Safeco addressed this issue in its summary judgment motion when it argued

that permissive use was the only way the policy would cover this accident. Mr. Harrison

stated in his EOU that he could not recall who drove him home, nor could he say whether

the person was male or female. In his affidavit in support of his opposition to summary

judgment, he states unequivocally that he was "driven home by the girl he met that

evening." Although the dispute is between Mr. Harrisons' own statements under oath, it

was sufficient to create a disputed fact for the jury. *See Tippens*, 805 F.2d at 954 (upholding

district court's denial of party's motion to strike an affidavit that contained statements

contradicting prior testimony which created a disputed fact and stating that "[the] trier of

fact … determine[s] which point in time and with which words the witness … was stating

the truth.")   Although it was undisputed that he made misrepresentations regarding the

accident, the jury could consider these contradictory statements as part of its overall

analysis of the materiality of the misrepresentations.

---

[1] *See e.g.*, *State Farm Fire & Cas. Co. v. Oliver*, 854 F.2d 416 (11th Cir. 1988) (property insurance application); *William Penn Life Ins. Co. of New York v. Sands*, 912 F.2d 1359 (11th Cir. 1990) (life insurance application); *Simmons v. Conseco Life Ins. Co.*, 170 F.Supp. 2d 1215 (M.D. Fla. 2001) (life insurance application); *Darwin Nat. Assur. Co. v. Brinson & Brinson, Attorneys at Law*, P.A., No. 6:11–cv–1388–Orl–36DAB, 2013 WL 2406154 (M.D. Fla. Jun. 3, 2013) (professional liability insurance application); *Mims v. Old Line Life Ins. Co. of America*, 46 F.Supp. 2d 1251 (M.D. Fla. 1999) (life insurance application).

[2] *But see Woods v. Indep. Fire Ins. Co.*, 749 F.2d 1493, 1496 (11th Cir. 1985) (affirming district court's finding that plaintiff's misrepresentations in presentation of claim regarding insurable interest in property were material as a matter of law when evaluating fire insurance policy under Georgia law).

Further, since the Harrisons recanted their misrepresentations, this case is analogous to *Haiman v. Federal Ins. Co.*, 798 So. 2d 811 (Fla. 4th DCA 2001). In *Haiman*, the appellate court reversed summary judgment in favor of the insurer, holding, in part, that where the insured initially misrepresented facts and corrected his statement soon thereafter, whether the initial statement constituted a material misrepresentation was a matter for the trier of fact.  *See also State Farm Mut. Auto. Ins. Co. v. Cockram*, 2:11-CV-161-FTM-29, 2012 WL 3155620, at *3 (M.D. Fla. Aug. 3, 2012) ("The issue of whether a material misrepresentation occurred is a question of fact for the jury. …[R]egardless of how obviously false or material the representations may be.") (internal quotation marks omitted).

As another basis for judgment in its favor, Safeco argues that the definition of materiality, agreed to by the parties and adopted by the Court, limits the jury's consideration to the time at which the insurers make the misrepresentations. The jury should not consider any future event like the Harrisons' recantation, Safeco's reliance on the statements, or Safeco's decision to tender the policy limits to Goodman in spite of its knowledge of the falsity of the Harrisons' representations. The Court rejects this argument.

## IV.    New Trial

Dannie Goodman, the injured party, filed a separate personal injury lawsuit against the Harrisons only weeks before trial.   The Harrisons argued that the lawsuit was relevant to their damages, specifically their attorney's fees. The Court initially ruled in *limine* that counsel should make no mention of Dannie Goodman's third party claim and lawsuit against the Harrisons.

At trial, the Court modified its ruling to allow two limited exceptions over Safeco's objections. The Court permitted the Harrisons to enter into evidence the following: (1) Safeco's tender of the policy limits to Goodman as evidence of the materiality of the Harrisons' misrepresentations, and (2) Goodman's allegations that Jason Harrison was driving the Sierra at the time of the accident as evidence of Safeco's duty to provide coverage based on the "eight corners" of the underlying lawsuit. The parties discussed these limited exceptions extensively with the Court.

Nonetheless, the Harrisons' counsel stated the following at closing argument:

> . . . because what they were doing was looking to hire some attorneys to come in here and defend based on taking advantage of some poor judgments by the Harrisons, only to cheat Mr. Goodman. When you go back there, I hope that you find Mr. Goodman's injuries are worthy of compensation and you go ahead and check "no" on the verdict form for both the questions.

The Court concludes that Safeco is entitled to a new trial based on this commentary. This statement encouraged the jury to decide the case not on the merits, but on the idea that the insurance company would be cheating an innocent and injured third party. It had no probative value, invited the jury to ignore the law, and was highly prejudicial.  *See United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."). S*ee also In re Engle Cases*, 3:09-CV-10000-J-32, 2009 WL 9119991, at *18 (M.D. Fla. Nov. 27, 2009) ("Verdicts based on unfettered and subjective notions of 'morality' and 'justice' 'are lawless, a denial of due process and

constitute an exercise of erroneously seized power.'") (quoting *U.S. v. Washington*, 705

F.2d 489, 494 (D.C.Cir.1983)).

The Harrisons' counsel ignored the Court 's rulings on the motion in *limine*, and the

limited exceptions thereto, and waited until the very last opportunity to do so. As many

cases have noted, the Court cannot "unring a bell;" once the jury hears improper testimony

or argument, it is presumed that it may rely upon it in its deliberation. *See Singh v.*

*Caribbean Airlines Ltd.*, 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014)

("In resolving evidentiary disputes before trial, motions in *limine* avoid the need to 'unring

the bell' once inadmissible evidence has been presented to the jury."). Therefore, Safeco is

entitled to a new trial, despite its failure to object to the statement at trial. *See McWhorter*

*v. Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990) (affirming the district court's grant of

a new trial where party did not object to improper closing argument referring to a theory

which the district court specifically prohibited in granting a motion in *limine*).

### *Conclusion*

Although the Court will not disturb the jury's findings as a matter of law, Safeco is

entitled to a new trial given the highly prejudicial comments made by the Harrisons'

counsel at the end of closing arguments.

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Renewed Motion for Judgment as a Matter of Law, or

    Alternative, New Trial (Dkt. #94) is GRANTED to the extent that the Court

    will grant a new trial in this matter.

2.  The Clerk is directed to re-open this case.

3.    The Court will enter a separate order with the dates for the new pre-trial and

trial.

4.    All pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2641 judgment-new trial 94.docx