UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNIE GOODMAN, JASON L.
HARRISON and CHERYL A.
HARRISON,

    Plaintiffs,

v.                                Case No: 8:13-cv-2641-T-30EAJ

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiffs' Motion for Reconsideration on Order Granting New Trial (Dkt. #107) and Defendant's Response in Opposition (Dkt. #110), and Plaintiffs' Motion for Leave to File Interlocutory Appeal (Dkt. #108) and Defendant's Response in Opposition (Dkt. #112).  Upon review and consideration, it is the Court's conclusion that the Motions should be denied.

### *Background*

This Court granted Safeco Insurance Company of Illinois' ("Safeco") Motion for New Trial (the "Order") because of Plaintiffs' counsel's prejudicial statements in his rebuttal closing argument. Specifically, Plaintiffs' counsel stated that if the jury found that the Plaintiffs' misrepresentations to Safeco were material, Safeco would "cheat" an innocent and injured third party.  The Court relied on *McWhorter v. City of Birmingham*,

906 F. 2d 674 (11th Cir. 1990) which stands for the proposition that a district court may grant a new trial when counsel violates a motion in *limine* at the rebuttal portion of his closing notwithstanding opposing counsel's failure to contemporaneously object. Plaintiffs seek reconsideration of the Order on the following bases: (1) counsel did not commit clear error in his rebuttal argument, (2) *McWhorter* is factually distinguishable from this case, and (3) Safeco made no contemporaneous objection during counsel's rebuttal argument. Additionally, Plaintiffs request leave to file an interlocutory appeal of the Order under this Court's discretionary authority pursuant to 28 U.S.C. § 1292(b).

*Discussion*

### I. Plaintiffs' Motion for Reconsideration

Motions for reconsideration of orders are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F.Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*.

A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Management, Inc.*, 874 F.Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to

2

alter or amend a judgment is an extraordinary remedy." *Tristar Lodging, Inc.*, 434 F.Supp. 2d at 1301 (internal quotation marks omitted).

The Court denies Plaintiffs' Motion for Reconsideration because it does not establish that there is newly discovered evidence, an intervening development or change in controlling law, or a need to correct a clear error of law or fact.

## II.   Interlocutory Appeal

28 U.S.C. § 1292(b) provides for discretionary appellate review of an interlocutory order of a district court upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal under section 1292(b) is a "rare exception" to the rule that appellate review must be conducted after final judgment. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet this test").

Certification is proper "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *McFarlin*, 381 F.3d at 1256 (citation and internal quotation marks omitted). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id*. at 1259.

3

Plaintiffs must demonstrate that: (1) the Court's order granting a new trial presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. Plaintiffs have the burden of persuading the Court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (citation and internal quotation marks omitted).

The second element is dispositive of this issue. Plaintiff has not demonstrated that there is a substantial ground for difference of opinion among courts regarding a district court's discretion to grant a new trial based on counsel's prejudicial statements in violation of a district court's order.

In *McWhorter*, the Court concluded that a new trial was warranted when plaintiff's counsel, in violation of a court order prohibiting mention of a prior claim, both extensively argued his case using the prior lawsuit and sent an excluded exhibit to the jury. In *Christopher v. Florida*, 449 F.3d 1360, 1365 (11th Cir. 2006), the Eleventh Circuit upheld the district court's grant of a new trial when plaintiff's counsel "ignored the court's earlier grant of qualified immunity to defendants for all alleged acts other than an intentional blow to the head" by injecting argument which "was a clear invitation to the jury" to ignore the Court's prior holding. *Id*. at 1366.

The Eleventh Circuit distinguished *McWhorter* in *Cox v. Target Corp.*, 351 Fed. App'x. 381, 383 (11th Cir. 2009). In *Cox*, the court upheld a district court's denial of a new

4

trial where the district court forbade the defendant from suggesting that plaintiff was a "litigious person." At trial, counsel never specifically referred to plaintiff as "litigious" but did mention a prior claim and deposition twice in front of the jury. Counsel raised the prior claim on cross examination only after plaintiff mentioned it on direct, and the district court issued a curative instruction to the jury. The Eleventh Circuit concluded that "[t]aken together, these incidents do not rise to the level of a direct violation of the court's order requiring us to grant [plaintiff] a new trial."

Ultimately, in *McWhorter*, *Christopher,* and *Cox*, the Eleventh Circuit found that the district courts did not abuse their discretionary authority. The Eleventh Circuit has consistently held that a district court may exercise its discretion in deciding whether to grant a new trial based on prejudicial conduct. District courts have this discretion because "the trial judge who is actually present at trial, ... [is] best able to determine whether the proceeding has been 'contaminated' by events outside the jury's control;" *McWhorter*, 906 F.2d at 677 (quoting *Williams v. City of Valdosta*, 689 F.2d 964 (11th Cir. 1982)); particularly "where the interest of substantial justice is at stake…." *Christopher*, 449 F.3d at 1367.

The Court concludes that Plaintiffs have not met their burden to persuade the Court that exceptional circumstances exist to support an interlocutory appeal.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Reconsideration on Order Granting New Trial (Dkt. #107) is **DENIED**.

2. Plaintiffs' Motion for Leave to File Interlocutory Appeal (Dkt. #108) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2641 resonsideration appeal.docx